UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 15-7488 DMG (AFMx) | Date | April 13, 2015 |
| Title | *Cedars-Sinai Medical Center, et al. v. Chandra Lips* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE ORDER SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

**I.
PROCEDURAL BACKGROUND**

The Court incorporates the discussion of this case's procedural background from its September 29, 2015 Order to Show Cause ("OSC"). OSC at 1-2 [Doc. # 9]. On October 9, 2015, the parties filed responses to the Court's September 29, 2015 Order. [Doc. ## 12, 13.] On November 2, 2015, the parties filed their replies. [Doc. ## 15-17.][1]

For the reasons set forth below, the Court **DISMISSES** this case.

**II.
ANALYSIS**

The Supreme Court in *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959), stated as follows:

> When an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted. . . . If the Board decides, subject to appropriate federal judicial review, that conduct is protected by § 7, or prohibited by § 8, then the matter is at an end, and the States are ousted of all jurisdiction.

---

[1] Despite filing an initial reply on November 2, 2015 as requested by the Court, on November 3, 2015 Defendant Chandra Lips filed a "corrected" reply to Plaintiff Cedars-Sinai Medical Center's response. [Doc. # 17.] Cedars did not object to this filing. As such, the Court will consider the November 3, 2015 filing as Lips' reply.

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7488 DMG (AFMx)** | Date | April 13, 2015 |
| Title | *Cedars-Sinai Medical Center, et al. v. Chandra Lips* | Page | 2 of 2 |

Here, Cedars seeks a declaration from this Court that the Arbitration Agreement between Lips and Cedars (1) requires Lips to arbitrate her claims only on an individual basis, and precludes her from acting as a representative for other individuals on a class-wide, collective, or representative basis; (2) is not unlawful under the National Labor Relations Act ("NLRA"); and (3) requires that a court, not the arbitrator, should decide whether class or representative arbitration can proceed under the Arbitration Agreement. Compl. at 7 [Doc. # 1-3].

The Court finds Cedars' Complaint preempted by the NLRA under *Garmon*. As Lips points out, Cedars' conduct in this case—seeking to enforce the Arbitration Agreement as barring class and representative actions, and filing a lawsuit for declaratory relief in state court—is before the National Labor Relations Board ("NLRB") on unfair labor practice charges. *See* NLRB Compl. ¶¶ 3-5 [Doc. # 1-9].

In fact, it appears that an Administrative Law Judge recently ruled in the Board's favor, finding that Cedars violated Section 8(a)(1) of the NLRA by, among other things, filing a Complaint for declaratory relief in state court so as to preclude Lips from pursing class or collective actions. *Cedars-Sinai Medical Center and Chandra Lips*, Board Case No. 31-CA-143038 (Mar. 15, 2016). As part of the remedy, the ALJ ordered Cedars to "notify the State Court . . . that it no longer opposes [Lips'] claims on the basis of the [the Arbitration Agreement], . . . and, if the court grants [Cedar's] motion, move the court to vacate its order compelling individual arbitration on the basis of the [Arbitration Agreement]." *Id.* at 10.

Because Cedars' conduct is "subject to § 7 or § 8 of the Act, the States *as well as the federal courts* must defer to the exclusive competence" of the NLRB. *Garmon*, 359 U.S. at 245 (emphasis added); *cf. Totten v. Kellogg Brown & Root, LLC*, 2016 WL 316019, at *16 (C.D. Cal. Jan. 22, 2016) (finding arbitration agreement's mandatory class action waiver interferes with employee's substantive right to engage in concerted activity for the purpose of mutual aid or protection under the NLRA).

### III.
### CONCLUSION

In light of the foregoing, the Court **DISMISSES** this action based on *Garmon* preemption.

**IT IS SO ORDERED.**